Eva B. BREZENOFF, Appellant,

v.

STATE of Alaska, Appellee.

No. 7117.

Court of Appeals of Alaska.

Feb. 25, 1983.

Dick L. Madson, Cowper & Madson, Fairbanks, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Eva Brezenoff was convicted of theft in the first degree. AS 11.46.120. Theft in the first degree is a class B felony. The maximum penalty is ten years' imprisonment. Presumptive terms are respectively four years' imprisonment for a second felony offender and six years for a third felony offender. AS 12.55.125(d). She was given a sentence of eight years with four years suspended and ordered to make restitution

in the amount of $140,000. In sentencing Brezenoff, Judge Blair considered the sentence he imposed in *Karr v. State,* No. 4FA–S82–261–Cr. (a case with very similar facts where a slightly longer sentence was given). Brezenoff appeals contending that the sentence imposed was excessive and that the requirement that she make restitution was illegal because the court did not make the inquiry into her ability to pay, as required by AS 12.55.045(a), before determining the amount of restitution she would have to pay. We affirm the sentence but direct further proceedings regarding restitution.

Brezenoff was employed by WIC–CA as a part-time bookkeeper from May 1979 until December 1982. WIC–CA is a nonprofit corporation supported by federal grants which provides social services in the Fairbanks area. During her employment, Brezenoff discovered that WIC–CA was withholding federal taxes from its employees' paychecks as required by law but was not remitting the proceeds to the federal government. Consequently, her employer had built up a substantial fund that was not earmarked for current expenses. WIC–CA's bank accounts required two signatures to cash checks. Brezenoff was not authorized to sign these checks. However, her supervisors accomodated her by giving her a number of checks signed in blank and exercised no control over her subsequent use of those checks. Brezenoff noted that frequently she would receive multiple invoices from a single billing source. This practice facilitated Brezenoff's thefts. She would pay the bill with one WIC–CA check. She would in addition list a separate check for each additional invoice in the check register and make each additional check payable to herself. The typical amount of each check was $1,249.22, an amount equal to her monthly salary. Using this procedure, Brezenoff succeeded in embezzling $141,025 from WIC–CA during her employment there. When the police learned of the embezzlement and confronted Brezenoff, she confessed and turned over evidence of her crimes.

Brezenoff was thirty-one years old at the time of sentencing. She has no adult or juvenile criminal record so she was not subject to presumptive sentencing. She has been steadily employed and has no dependants. She explains her crime as necessary to supply her cocaine use which she alleges amounted to four to five grams per day and cost over $120,000 during the period in question. She testified that she was happy she was caught and suffered remorse. She indicated that she was addressing her drug dependency and had obtained counseling. The probation officer recommended a brief period of incarceration followed by a period of probation during which Brezenoff should attempt reasonable restitution.

The trial court carefully considered the sentencing standards set out in *State v. Chaney,* 477 P.2d 441 (Alaska 1970). He considered the chances of Brezenoff's rehabilitation fair to good. He felt isolation was necessary only to aid in her rehabilitation. He emphasized individual and general deterrence and affirmation of community norms. Finally, he concluded that Brezenoff was a professional criminal, *i.e.,* that she relied primarily on her thefts for her support during the almost one year she was stealing and that she was a worst offender based on the total amount taken. He stressed that Brezenoff had engaged in 133 separate acts of theft evidenced by the checks she had issued to herself without authorization. The sentence required Brezenoff to spend four years in prison and upon her release to make restitution in the amount of $140,000. The court also directed Brezenoff to transfer all of her assets to her victim.

Brezenoff argues that the sentence was excessive. She points to the Alaska Supreme Court decision in *Leuch v. State,* 633 P.2d 1006 (Alaska 1981), where the court held that those convicted of nonviolent crimes should ordinarily receive sentences not requiring more than nominal incarceration (*i.e.,* sixty days or less to serve), in the absence of proof of past failures on proba-

tion and that the total sentence including suspended time must be considered in reviewing a sentence for excessiveness. In addition, she argues that the supreme court has counseled lenience in past decisions dealing with embezzlement. She points to *Amidon v. State,* 565 P.2d 1248 (Alaska 1977), where the court reversed a sentence of three years to serve holding that an appropriate sentence for embezzlement should not exceed one year where two defendants stole $63,000 from one of the defendant's sixty-two-year-old disabled mother. Finally, she points to our decision in *Austin v. State,* 627 P.2d 657 (Alaska App. 1981), where we held that normally a first offender should receive a substantially more favorable sentence then the presumptive sentence for a second offender.

█ This is Brezenoff's first felony offense. Her total sentence of eight years with four years suspended exceeds the presumptive term for a third felony offender (six years), and her period of actual imprisonment is equal to the presumptive term for a second felony offender (four years). While it is true that in evaluating sentences, suspended time cannot be considered "nugatory or insignificant," *Leuch v. State,* 633 P.2d 1006, 1010 (Alaska 1981), we recently held that, in applying *Austin* the primary focus will be on the period of actual imprisonment in determining whether a first offender received a more severe sentence than she would have received had she been a second or third offender subject to presumptive sentencing. *Tazruk v. State,* 655 P.2d 788 (Alaska App.1982). Where the total sentence received by a first offender exceeds the presumptive sentence for a second offender but the period of actual imprisonment is substantially less, we will conclude that the total sentence meets the *Austin* requirement of a substantially more favorable sentence for the first offender. *Connors v. State,* 652 P.2d 110 (Alaska App.

1982) (sentence of three years with two years suspended was affirmed for first offender convicted of negligent homicide, a class C felony. The presumptive term was two years for a second felony offender; no aggravating factors were found.[1]) Where, however, the actual period of imprisonment equals or exceeds the presumptive term for a second offender, we will require aggravating factors or extraordinary circumstances to justify additional time even if it is suspended. *Sears v. State,* 653 P.2d 349, 350 n. 2 (Alaska App.1982) (sentence of five years with three years suspended reversed for first offender convicted of negligent homicide. The presumptive term was two years and no aggravating factors were found; held that the sentence could not exceed two years unless a portion of the two years was suspended).

Brezenoff received a period of actual imprisonment equal to the presumptive term for a second felony offender and in addition received suspended time. In order to affirm this sentence, our decisions require the presence of aggravating factors or extraordinary circumstances in the record in order to insure that Brezenoff received a more favorable sentence than she would have received as a second felony offender committing the same crime under the same circumstances.

█ We are satisfied that the trial court's decision in this case is in accord with the authorities cited. While no violence was involved, the trial court properly found that Brezenoff's conduct was among the most serious conduct prescribed by the statute. AS 12.55.155(c)(10). Theft is a class B felony if the amount stolen exceeds $25,000. A class B offense characteristically involves an aggravated offense against property. AS 11.81.250(a)(2). The amount stolen ($140,000), the number of separate thefts constituting the offense (133) and the duration of the offense (almost one year) serve

1. In such cases, while the *Austin* rule is inapplicable, we must nevertheless evaluate the total sentence including suspended time to determine if it is clearly mistaken. *Leuch,* 633 P.2d at 1010; *Andrews v. State,* 552 P.2d 150, 152 and 154 n. 11 (Alaska 1976).

to establish this case as among the most serious prescribed by AS 11.46.120 and therefore serve to distinguish it from prior cases in which substantial sentences for embezzlement were disapproved. *Cf. Huff v. State,* 598 P.2d 928 (Alaska 1979) (Huff embezzled $6,500 while acting as a fiduciary in the course of a business transaction. His offense would be a class C felony under current law. Three-year sentence affirmed but a concurrent five-year sentence for perjury reduced to three years); *Stone v. State,* 598 P.2d 72 (Alaska 1979) (four years to serve affirmed. Defendant stole $7,000 while on probation for prior embezzlement in which she had stolen $78,000); *Andrews v. State,* 552 P.2d 150 (Alaska 1976) (young first offender stole $28,301.51 from her employer and received a sentence of ten years with five years suspended. The supreme court criticized the adequacy of the findings and remanded but did not approve or disapprove the sentence). With the exception of Andrews, whose theft would barely qualify as a class B felony under existing law, and Amidon, who committed one theft amounting to approximately three times the jurisdictional amount for a class B felony, Leuch and the other defendants mentioned all committed what would be class C felonies under existing law. Brezenoff committed an aggravated class B felony. Other things being equal, one who commits a class B felony should receive a more severe sentence than one who commits a class C felony.

■ Brezenoff argues that a worst offender classification cannot be predicated on the offense itself without regard to a defendant's prior history of criminal behavior, at least where the offense under consideration is a property crime rather than a crime of violence. *See, e.g., Chappell v. State,* 592 P.2d 1218, 1221 n. 5 (Alaska 1979) (violation in aggregate would warrant a finding that defendant's offenses were among the worst violations of statute but Mrs. Chappel's record as a devoted mother with no prior convictions prevents charac-

terizing her as a worst offender subject to a maximum sentence). *State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975) (discussing criteria for determining worst offenders under prior law). *Cf. Hoover v. State,* 641 P.2d 1263 (Alaska App.1982) (nature of offense standing alone may establish worst offender classification. Hoover was convicted of first degree murder). Brezenoff overlooks AS 12.55.155(c)(10). This statute became effective after *Chappell* and *Wortham* were decided. AS 12.55.155(c)(10) stresses the conduct involved in the specific offense under consideration rather than the personal characteristics of the offender and requires comparison of the conduct constituting the crime in question with other conduct which would satisfy the elements of the offense. This aggravating factor does not require a comparison of the defendant to other potential defendants committing the offense. If established, it warrants a sentence for a first offender equal to or in excess of a presumptive sentence for a second offender. A finding that Brezenoff's conduct satisfied the requirements of AS 12.55.155(c)(10) was not clearly mistaken.

■ Brezenoff's final argument is that the trial judge did not conduct an inquiry into her ability to make restitution before ordering her to pay restitution. AS 12.55.-045(a). We agree with Brezenoff that where a person is given a suspended sentence and expected to begin making restitution immediately, the trial judge must comply with the statute at the sentencing hearing and determine an appropriate amount of restitution. He should consider the defendant's circumstances and determine whether the defendant has sufficient assets to pay the restitution in one lump sum. Where the defendant's assets are insufficient, the court should at that time establish a schedule of payments. AS 12.55.045(c).

■ While the probation officer preparing the presentence report can substantially aid the court by interviewing witnesses and

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

determining in advance of the sentencing hearing the amount of restitution owed, the court may not delegate to the probation officer authority to make a decision regarding the total amount of restitution to be paid or the terms of payment.

▮ Finally, the trial court must determine the issue of restitution to the extent possible at the time of the sentencing hearing. Victims entitled to restitution must be identified and the extent of their recoverable loss established. To the extent that the defendant retains the proceeds of her crime, the court should make provisions for recoupment. The court should not enter a general order assigning all of the defendant's assets to her victim without inventorying those assets and valuing them. Of course the court has the authority to appoint a receiver in an appropriate case and may use the probation officer for this purpose if he or she agrees.

▮ In this case, Brezenoff was sentenced to a substantial period of imprisonment. She must win her freedom and establish herself in the community before she may realistically be expected to begin paying restitution. It is her ability to pay restitution after she is released which is material to the inquiry contemplated by AS 12.55.045(a). We therefore find no error in the trial judge's decision to determine the total amount of the loss caused to the victim by Brezenoff's conduct at this time but defer the inquiry required by AS 12.55.045 until she is released. *Cf.* AS 12.55.051(c) (the court may order modification of the amount of restitution ordered or of the terms of payment at any time if the defendant's inability to pay is established).

We disapprove, however, the court's order assigning all Brezenoff's assets without first inventorying and valuing them. On remand, the court should hold the necessary hearings to put this aspect of its order into operation. If the parties agree on the assets to be assigned and the value to be deducted from the restitution owed, the matter may be handled by stipulation. If there is disagreement, a further hearing may be necessary.

The sentence of the superior court is AFFIRMED in part and REVERSED in part and the case REMANDED for further proceedings regarding the issue of restitution consistent with this decision.