Diana L. KARR, Appellant,

v.

STATE of Alaska, Appellee.

No. 7011.

Court of Appeals of Alaska.

March 25, 1983.

---

1.  Editorial changes have been made.

Mary E. Greene, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Diana Karr embezzled $356,000 from Meyeres' Real Estate, Inc. between November 1979 and December 1981. Karr was charged with one count of embezzlement by an employee for the money she took prior to January 1, 1980.[1] She was charged with theft in the first degree, AS 11.46.120, for money she took after January 1, 1980, the effective date for the revised criminal code.[2] After Karr pled nolo contendere to these charges, Judge James R. Blair sentenced her to serve ten years with five suspended and to pay $300,000 restitution.[3] Karr appeals her sentence to this court. We affirm.

Karr first contends that the sentence imposed was excessive. Karr is thirty-four years old and has no prior criminal record. She points to *Austin v. State,* 627 P.2d 657, 658 (Alaska App.1981), where we said, "[n]ormally a first offender should receive a more favorable sentence than the presump-

---

1. Former AS 11.20.280 reads:

   *Embezzlement by employee or servant.* An officer, agent, clerk, employee, or servant who embezzles or fraudulently converts to his own use, or takes or secretes with intent to embezzle or fraudulently convert to his own use, money, property, or thing of another which may be the subject of larceny, and which has come into his possession or is under his care by virtue of his employment is guilty of embezzlement. If the property embezzled exceeds $100 in value, a person guilty of embezzlement is punishable by imprisonment in the penitentiary for not less than one year nor more than 10 years. If the property embezzled does not exceed the value of $100, a person guilty of embezzlement is punishable by imprisonment in a jail for not less than one month nor more than one year, or by a fine of not less than $25 nor more than $100.

2. AS 11.46.120 reads:

   *Theft in the first degree.* (a) A person commits the crime of theft in the first degree if he commits theft as defined in § 100 of this chapter and the value of the property or services is $25,000 or more.

   (b) Theft in the first degree is a class B felony.

3. Karr was sentenced to five years on each count, and the sentences were made consecutive to each other. The five-year sentence for embezzlement by employee was suspended, resulting in a sentence of ten years with five suspended.

tive sentence for a second offender. It is clear this rule should be violated only in an exceptional case." Karr also argues that we should consider her offense as one crime, since her crime was charged as two offenses only because the new criminal code came into effect on January 1, 1980. Karr argues that an offender who embezzled only after January 1, 1980 would have been charged only with one count, theft in the first degree. She contends she should not be treated differently merely because she embezzled both before and after January 1, 1980.

■ The record is clear that Judge Blair did not treat Karr differently because she was convicted of two counts. Essentially Karr was sentenced to ten years with five years suspended for theft in the first degree for a number of different acts of embezzlement committed over a period of over two years. Karr's sentence is not excessive under *Austin* because this is an exceptional case. Judge Blair classified Karr's offense as a particularly serious offense for an embezzlement. *See* AS 12.55.155(c)(10). Karr embezzled $356,000.[4] The record establishes that Karr had earned a position of trust with Bud Meyeres, who owned Meyeres' Real Estate, and then used that position to embezzle. This amount was taken over a period of two years and involved numerous individual acts of embezzlement. In Karr's position she had to be aware of the effects of her embezzlement: at the time of Karr's sentencing, Meyeres was sixty-seven years old, and his real estate business was in serious financial trouble due to the embezzlement. Meyeres indicated that for the foreseeable future he will have to work hard to try to salvage his real estate business. It is unlikely that he will ever be able to retire. This is clearly an aggravated case. The presumptive sentence for a second class B felony offender is four years. Karr's actual sentence of imprisonment exceeds that by one year. In reviewing a sentence to determine whether it exceeds the presumptive sentence for a second of-

fender under *Austin,* our primary focus is on the amount of imprisonment actually imposed. *See Tazruk v. State,* 655 P.2d 788 (Alaska App.1982). Judge Blair imposed the consecutive five-year suspended sentence primarily to enforce the restitution order. Karr's probation cannot be revoked for failure to make restitution if she makes a good faith effort to pay restitution but is unable to do so. *See* AS 12.55.051. In the event it is revoked she is entitled to another sentence appeal. Due to the seriousness of the offense, we conclude that this is an exceptional case, and the sentence of ten years with five suspended is not excessive.

■ Karr also argues that the trial judge should not have imposed a consecutive sentence. However, Karr's total sentence did not exceed the sentence which she could have received for one count of theft in the first degree. Where a consecutive sentence is imposed but the total sentence does not exceed the sentence which could be imposed on one count, a consecutive sentence is not improper. *See Mutschler v. State,* 560 P.2d 377, 381 (Alaska 1977).

Karr next argues that the amount of restitution which Judge Blair ordered was excessive. Judge Blair acknowledged that it would be impossible for Karr to pay such a large amount of restitution. Karr argues that AS 12.55.045(a) is violated when a trial judge orders an amount of restitution which cannot be paid. AS 12.55.045(a) provides:

> The court may order a defendant convicted of an offense to make restitution as provided in this section or as otherwise authorized by law. In determining the amount and method of payment of restitution, the court shall take into account the financial resources of the defendant and the nature of the burden its payment will impose.

It is clear that it will be difficult for Karr to pay the whole $300,000 in restitution.

4. The amount of money which Karr embezzled is the major distinguishing factor which separates this case from former Alaska cases in which lesser sentences were imposed for similar offenses. *See Fields v. State,* 629 P.2d 46 (Alaska 1981); *Huff v. State,* 598 P.2d 928 (Alaska 1979); *Amidon v. State,* 565 P.2d 1248 (Alaska 1977).

She appears to have some assets and therefore may be able to pay some restitution now. During her period of incarceration it is unlikely that she will be able to make any restitution. It appears Judge Blair considered these factors, as well as the fact that Karr will probably have difficulty in obtaining future employment similar to her previous employment, when he predicted that full restitution would be impossible.

 Due to the difficulty in predicting from this point in time what amount of restitution is reasonable for Karr to pay, we conclude that it was reasonable for Judge Blair to order a large amount of restitution. In so doing he did not violate AS 12.55.-045(a). Karr does not argue that she did

not steal at least this amount from Meyeres. By ordering restitution, Judge Blair can require Karr to attempt to undo some of the damage caused by her criminal acts. The court can only enforce the order to the extent that it is reasonable for Karr to make restitution. We conclude that the court did not err in ordering $300,000 restitution.[5]

The sentence is AFFIRMED.

---

5. We commented more fully on the specific procedures to be followed in setting restitution in *Brezenoff v. State*, 658 P.2d 1359 (Alaska App.1983).