George R. SHORT, Appellant,

v.

STATE of Alaska, Appellee.

No. A–14.

Court of Appeals of Alaska.

Feb. 17, 1984.

Fleur Roberts, Cowper & Madson, Fairbanks, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

George R. Short pled no contest to theft in the first degree, a class B felony. AS 11.46.120. He was charged with embezzling funds from his former employer, Air North. Short received a sentence of six years' incarceration, with three years suspended and five years of probation. In addition, Short was fined $20,000 and ordered to make restitution in the amount of $48,569.46. Short appeals, contending that his sentence is excessive. We affirm.

George Short is fifty-three years old. He worked at Air North as an accountant from 1979 until December of 1982. During his last eighteen months with Air North, Short embezzled funds by obtaining pre-signed checks and designating a creditor as payee on the carbon copy while making the original out to himself. Short's record includes a 1959 conviction for embezzling $1,400, which was a felony at that time. He was placed on probation for one year. However, since Short has not been under correctional supervision within the past seven years, his current offense is treated as a first felony offense. AS 12.55.-145(a)(1).

Short contends that as a first offender he should have received a sentence more favorable than the presumptive sentence for a second felony offender. *Austin v. State*, 627 P.2d 657 (Alaska App. 1981). The presumptive sentence for a second offender convicted of a class B felony is four years. AS 12.55.125(d)(1). "When we evaluate a sentence we consider the whole sentence including suspended time. However, in evaluating whether a sentence is in excess of the presumptive sentence which a second felony offender

would receive, our primary focus should be on that portion of the sentence which imposes a period of incarceration." *Tazruk v. State*, 655 P.2d 788, 789 (Alaska App. 1982). The three years of actual imprisonment which Short received is less than the four-year presumptive sentence for second offenders and therefore does not violate the *Austin* rule. *See Brezenoff v. State*, 658 P.2d 1359, 1362 (Alaska App.1983).

■ The crime of embezzlement is one which requires planning and deception. In this case Short wrote twenty-two checks over a period of eighteen months. Judge Taylor found, based upon Short's earlier conviction for embezzlement, that he was a poor candidate for rehabilitation. We agree. *See Stone v. State*, 598 P.2d 72 (Alaska 1979). We conclude that the sentence is not clearly mistaken.[1] *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974). *See also Karr v. State*, 660 P.2d 450 (Alaska App.1983) (petition for hearing granted July 12, 1983); *Brezenoff v. State*, 658 P.2d at 1362–63.

■ Short contends that in ordering restitution Judge Taylor failed to take "into account the financial resources of the defendant and the nature of the burden its payment will impose." AS 12.55.045. We addressed the procedures to be followed by the trial courts in complying with AS 12.55.045 in *Brezenoff*, 658 P.2d at 1363–64. Where the defendant receives a suspended sentence or a short period of imprisonment, the trial court should determine the defendant's ability to pay at the sentencing hearing and establish a reasonable payment plan, taking into account the defendant's assets and earnings. Where the defendant will be incarcerated for an extended period, the court should, to the extent possible, comply with AS 12.55.045 at the sentencing hearing. Where the defendant still retains stolen funds, the judgment should provide for recoupment. In an appropriate case,

the defendant's assets should be inventoried and provision made for their sale so that the proceeds can be immediately applied to restitution. If the defendant's assets are insufficient to permit full restitution immediately, the trial court may defer determination of the balance to be paid and the appropriate payment schedule until after the defendant is released from prison and his or her earning capacity is established. 658 P.2d at 1363–64. The judgment should provide, however, that the defendant's duty to begin making payments will not arise until after the statutory hearing is held.

■ In this case the trial court determined that Short should pay restitution and a fine. The court did not examine Short's ability to pay despite evidence that Short had promised his victims that he would make full restitution immediately if they would forego prosecution. We recognize that civil proceedings were pending against Short, and that the trial court might have considered the civil proceedings a better forum than a sentencing hearing for determining Short's financial obligation to his victims and for providing for the sale of Short's assets to satisfy that obligation. Nevertheless, the record in this case does not satisfy the requirements of AS 12.55.045. We must therefore remand this case to enable the trial court to hold the necessary hearings to comply with *Brezenoff*. To avoid controversy in the future, the amended judgment should also indicate whether Short must make full restitution before beginning to pay the fine or whether he will be expected to make payments on both obligations at the same time.

The sentence of the superior court is AFFIRMED in part and REMANDED in part for further proceedings regarding restitution.

---

1. Short's prior conviction, the substantial number of separate thefts and the duration of his offense, as well as significant changes in statutory law, serve to distinguish Short's case from the cases in which less severe sentences were encouraged. *See, e.g., Fields v. State*, 629 P.2d 46, 53 (Alaska 1981); *Huff v. State*, 598 P.2d 928, 935 (Alaska 1979); *Amidon v. State*, 565 P.2d 1248, 1263 (Alaska 1977). *Cf. Andrews v. State*, 552 P.2d 150, 154 (Alaska 1976) (court failed to see the basis for a sentence of ten years with five suspended for youthful first offender).