**STATE of Alaska, Appellant,**

v.

**John C. KARNOS, Appellee.**

**No. A–364.**

Court of Appeals of Alaska.

March 8, 1985.

Kuvaas has argued in attacking his sentence.

Jeffrey W. Cole, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellant.

Linda K. Wilson, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellee.

Before BRYNER, C.J., COATS, J., and FULD, District Court Judge.[*]

## OPINION

COATS, Judge.

John C. Karnos was convicted, based upon his plea of guilty, of theft in the first degree, a class B felony. AS 11.46.120. Judge J. Justin Ripley sentenced Karnos to five years, all suspended, for a period of ten years. Judge Ripley placed Karnos on formal probation for five years. The state has appealed this sentence and argues that the sentence was too lenient. We conclude that the sentence was too lenient and that Judge Ripley should have imposed a sentence of imprisonment for Karnos' offense.

Karnos managed the Anchorage office of Rosemurgy & Company, Inc., an independent insurance adjustment firm. Between January 1979 and April 1982, Karnos stole approximately $115,000 from the company. Karnos' theft was discovered when he was fired due to several complaints about his work and the person who was hired to replace him noticed discrepancies in the accounts. Karnos explained the theft by stating that he had purchased a home with the help of Richard Rosemurgy. Karnos further explained that he had spent a lot of money on the home and soon began "borrowing" money from the company to pay his bills. He originally repaid the money, but then became lax in making repayments. After the discovery of the thefts, Karnos was very repentant. He sold his home to Mr. Rosemurgy for ten dollars so that the home could be sold to make partial restitution. Mr. Rosemurgy received approximately $46,000 from the sale of the home. As a result of the thefts, the Division of Insurance permanently revoked Karnos' licenses to sell insurance and fined him $35,000.

Karnos was forty-two at the time of sentencing. He had no prior criminal record and had an excellent employment history. He had two sons, age nineteen and seventeen, living with him. The presentence report contains several letters from people in the business community who know Karnos. The letter from the president of the company that Karnos stole from, Mr. Rosemurgy, is typical. Mr. Rosemurgy wrote that he believed that Karnos was basically an honest person who was in a situation, following a divorce, where he needed more money and was under pressure to provide a nice home for his children. Mr. Rosemurgy believed that Karnos had learned his lesson and urged the court to emphasize rehabilitation rather than punishment in imposing sentence. Judge Ripley considered Karnos' case to be a very mitigated one and imposed a probationary sentence.

There certainly was evidence in the record that Judge Ripley could consider which would justify a relatively lenient sentence. Karnos had no prior record and it appears that his thefts may have been related to a difficult situation caused by his divorce. The trial court could properly conclude that Karnos had learned his lesson and that it was highly unlikely that he would commit a similar crime in the future. Karnos was apparently very repentant and had made substantial efforts toward restitution. He had also lost his insurance licenses and was faced with a substantial fine. It also appears that Karnos had managed to establish himself in a new job and that he might lose that job if he were incarcerated. However, the fact remains

---

[*] Fuld, District Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

that this was a substantial theft which took place over a long period of time. There were approximately sixty separate acts of theft which were combined in this one crime.

 It is difficult not to compare this case to *Karr v. State*, 686 P.2d 1192 (Alaska 1984), and *Brezenoff v. State*, 658 P.2d 1359 (Alaska App.1983). In *Karr* this court and the supreme court upheld a sentence of ten years with five suspended for the theft of approximately $356,000 from an employer. In *Brezenoff* this court upheld a sentence of eight years with four suspended for the theft of approximately $140,000 from an employer. The obvious distinction between those cases and this one is that *Karr* and *Brezenoff* involved sentences which were appealed on the ground that they were excessive. Trial judges have a great deal of sentencing discretion. *Karr* and *Brezenoff* evidence sentences which are at the top of the range of permissible first offense sentences. The trial judges in *Karr* and *Brezenoff* could have given sentences which were considerably lower. Some of the mitigating circumstances which are present in this case were not present in *Karr* and *Brezenoff*. However, even if we consider the various distinctions, it appears to us that the sentence imposed in this case is difficult to reconcile with the results in the *Karr* or *Brezenoff* cases.

 We believe that the trial judge was required to impose a sentence which involved serving at least ninety days in jail in this case. *See State v. Doe*, 647 P.2d 1107, 1111 n. 12 (Alaska App.1982) (probationary sentence disapproved in sexual misconduct case and the facts of the case required a minimum sentence of ninety days of imprisonment). Karnos' crime involved a large amount of money and many acts of theft over a long period of time. Although Karnos' personal situation may

have contributed to his crime, this was certainly a crime of premeditation, and not of impulse. People who commit relatively petty thefts frequently are sentenced to serve jail terms. We believe that a probationary sentence unduly deprecates the seriousness of the nature of Karnos' crime and does not serve to reaffirm societal norms against this type of major theft. We certainly believe that this was an appropriate case for the trial judge to consider having Karnos serve time on weekends if this would help to preserve his employment. The court could also have allowed Karnos to perform some community service time to substitute for some incarceration time. However, we conclude that the sentence of five years of suspended time was too lenient.[1]

The sentence of the superior court is DISAPPROVED.

SINGLETON, J., not participating.

---

1. In a sentence appeal brought by the state on the ground that the sentence is too lenient we are not authorized to increase the sentence but may express our approval or disapproval of the sentence. AS 12.55.120(b). The standard we apply on review of any sentence is whether the sentence is clearly mistaken. *State v. Lancaster*, 550 P.2d 1257, 1260 (Alaska 1976); *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).