Timothy T. TOOVAK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–1690.

Court of Appeals of Alaska.

April 24, 1987.

Mary P. Treiber, Asst. Public Defender, Barrow, and Dana Fabe, Public Defender, Anchorage, for appellant.

Alan Hooper, Asst. Dist. Atty., Barrow, Harry L. Davis, Dist. Atty., Fairbanks, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Timothy T. Toovak was convicted on his plea of no contest to the charge of assault in the first degree. Superior Court Judge Michael I. Jeffrey sentenced Toovak to the applicable seven-year presumptive term and ordered him to pay restitution in the amount of $2,471. Toovak appeals, challenging only the validity of the restitution order.

Alaska Statute 12.55.045(a) provides in part:

> In determining the amount and method of payment of restitution, the court shall take into account the financial resources of the defendant, and the nature of the burden its payment will impose.

■ To comply with this provision, the sentencing court must first determine what the accused's future earning capacity is likely to be; it must then fix the amount and terms of restitution to fall within the realistic limits of that capacity. *See Kramer v. State,* 735 P.2d 754 (Alaska App.1987); *Brezenoff v. State,* 658 P.2d 1359, 1364 (Alaska 1983). In the present case, Judge Jeffrey considered the fact that Toovak, although unemployed at the time of the offense, had previously been employed and had been capable of earning a substantial income. Judge Jeffrey also considered that the total amount of restitution was relatively small and would be substantially reduced during Toovak's incarceration through application of his permanent fund dividend checks:[1] The judge concluded

---

1. The judge ordered that Toovak's permanent fund dividend checks be applied to restitution to

that, even if economic conditions in the Barrow area were depressed upon Toovak's release, Toovak would likely be capable of finding employment that would permit him to repay the remaining amount of restitution while still on parole.

The determination of future earning capacity will invariably require a certain amount of prediction. So long as the sentencing court's determination is based on information in the sentencing record rather than on mere speculation, we will not disturb the exercise of its sound discretion. In our view, Judge Jeffrey's consideration of Toovak's past and future earning capacity complied with the statutory mandate. Toovak relies on our decision in *Brezenoff*, 658 P.2d at 1364, to argue that a more prudent course for the sentencing court would have been to wait until Toovak's release before attempting to fix the final amount of restitution. Following our decision in *Brezenoff*, however, this option was expressly foreclosed by the Alaska Supreme Court's decision in *Karr v. State*, 686 P.2d 1192 (Alaska 1984).

The sentence is AFFIRMED.

the maximum extent permitted by law during   Toovak's incarceration.