**STATE of Alaska, Appellant/Petitioner,**

v.

**John HOOPER, Appellee/Respondent.**

No. A-2174/2175.

Court of Appeals of Alaska.

Feb. 26, 1988.

Leonard M. Linton, Jr., Asst. Atty. Gen., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellant/petitioner.

Sen K. Tan, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellee/respondent.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

COATS, Judge.

John Hooper was convicted by a jury of misconduct involving a controlled substance in the third degree. AS 11.71.-030(a)(1). Superior Court Judge J. Justin Ripley sentenced Hooper to four years' imprisonment with two and one-half years suspended. Hooper's offense occurred on August 8, 1983. He was sentenced on September 18, 1984. Hooper appealed his conviction, but not his sentence, to this court. Hooper was released on appeal bond, pending this court's decision. This court affirmed Hooper's conviction. *Hooper v. State*, Memorandum Opinion and Judgment No. 1396 (Alaska App., May 6, 1987). Hooper then moved to modify his sentence under Criminal Rule 35(a). Following a hearing, Judge Ripley modified Hooper's sentence. Judge Ripley reimposed the sentence of four years, but suspended the entire sentence. He imposed a fine of $5,000, to be paid within a three-year period.

The state appeals this sentence, arguing that it is too lenient. We conclude that the sentence imposed on resentencing was too lenient.[1] The state has also filed a petition for review, arguing that Judge Ripley could not impose a fine upon resentencing, when no fine had been imposed as part of the original sentence. We decline to accept the petition for review by the state.[2]

Hooper was twenty-five years old at the time of his offense. He had no prior record other than traffic offenses. He is married, has children, and has an excellent, steady work record. At the time of his first sentencing there was every indication that Hooper had very good prospects for rehabilitation. Hooper's conduct during the more than three years since he was released on appeal bond has been excellent, and he appears to have now successfully carried out these high expectations.

Hooper's offense involved possession for purposes of sale of two ounces of cocaine. This offense is a class B felony. A class B felony has a maximum sentence of ten years. Although there is no presumptive sentence for a first felony offender convicted of a class B felony, the presumptive sentence for a second felony offender is four years. AS 12.55.125.

In *Lausterer v. State*, 693 P.2d 887 (Alaska App.1985), we addressed the question of what constituted a large quantity of cocaine.

> Our consideration of the case law and our experience in reviewing appeals in drug cases suggests that, insofar as cocaine is concerned, it would normally be unrealistic to consider sale or possession for sale of less than an ounce to involve a

---

1. Inasmuch as this is a sentence appeal brought by the state on the ground that the sentence is too lenient, we are not authorized to increase the sentence, but may express our approval or disapproval of the sentence. AS 12.55.120(b). The standard we apply on review of any sentence is whether the sentence is clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

2. The state may bring a petition for review if a trial judge imposes an illegal sentence. *State v. Laporte*, 672 P.2d 466, 469 (Alaska App.1983). This court has discretion whether or not to grant a petition for review. Alaska Appellate Rule 402(b). A denial of a petition for review means only that this court has decided not to review the issue presented.

large quantity. Offenders dealing with cocaine in such quantities may be likened to retailers. *See, e.g., Waters [v. State,* 483 P.2d 199, 201 (Alaska 1971)]. On the other hand, it would ordinarily be appropriate to regard eight ounces or more of cocaine as a large quantity—one that is indicative of commercial activity at the wholesale level. Finally, cases involving an ounce or more but less than eight ounces of cocaine comprise a fairly large middle ground and may be characterized as falling somewhere between clearly retail and clearly wholesale. Determining whether a given quantity within this middle range should more properly be deemed large or small will necessarily hinge on the totality of the circumstances of the individual case, including the amount of money involved in the transaction, the purity of the cocaine, the manner and context in which the cocaine is possessed or sold, and the precise nature and extent of the defendant's participation in the offense.

*Id.* at 891 (footnote omitted).

In evaluating Hooper's offense, Judge Ripley pointed out that trial testimony established the value of cocaine at the time of Hooper's offense to be about $2,600 for one ounce. Thus the value of the cocaine that Hooper was convicted of possessing was approximately $5,200. Although Hooper indicated at his first sentencing hearing that his possession was for personal use, the jury convicted Hooper of possession for purposes of sale. Judge Ripley indicated that he agreed with the jury verdict, based on the quantity of cocaine possessed and the circumstances of the possession. Based upon the record and the standards which we set out in *Lausterer,* Hooper's drug dealing appears to fall in the large middle ground somewhere between the retail and wholesale levels.

This court and the supreme court have consistently upheld sentences of two years to serve, with additional suspended time, for offenders who have been convicted of retail sales of relatively small amounts of cocaine. *See Bush v. State,* 678 P.2d 423, 426 n. 1 (Alaska App.1984). Of course, in those cases we were deciding that the sentences which the trial judges had imposed were not excessive, and, therefore, only that the sentences were not clearly mistaken. Trial judges have considerable discretion in sentencing. Consequently, a trial judge could certainly impose a considerably more lenient sentence than that which we have upheld as not excessive.

■ It is difficult, however, to approve a sentence involving no incarceration for Hooper when offenders who have committed what clearly appear to be less serious offenses have received sentences of four years with two years suspended. We believe that a probationary sentence [3] which involves only a fine disregards the serious nature of Hooper's crime and does not serve to reaffirm societal norms against what appears to be a case of substantial involvement in drugs. We believe that the trial judge was required to impose a sentence which involved serving more than sixty days in jail in this case. *See State v. Karnos,* 696 P.2d 685, 687 (Alaska App. 1985); *State v. Doe,* 647 P.2d 1107, 1111 n. 12 (Alaska App.1982) (cases which this court regarded as sufficiently serious such that a probationary sentence, sixty days or less, was inappropriate, and a sentence of at least ninety days' imprisonment was required).

We certainly do not want this case to be interpreted as holding that a trial judge should never impose a probationary sentence in a class B felony or in a case involving the sale or possession for sale of cocaine. We also do not believe that the trial court must disregard the fact that an offender, who had good prospects for rehabilitation, shows while released on appeal bond that he or she has been effectively rehabilitated. *See State v. Lupro,* 630 P.2d 18, 21 n. 8 (Alaska App.1981) (recognizing that the court can take into consideration post-sentencing rehabilitation that takes place while an offender is released on

---

**3.** In *Leuch v. State,* 633 P.2d 1006, 1014 n. 22 (Alaska 1981), the supreme court defined a pro-

bationary sentence to include up to sixty days' incarceration.

appeal bond).[4]  We merely conclude that Hooper's offense, involving a substantial quantity of drugs, was sufficiently serious to require the trial judge to impose more than a probationary sentence.[5]  The sentence of four years of suspended time was too lenient.

The state has petitioned for review of Hooper's sentence, arguing that it was illegal for Judge Ripley to impose a fine of $5,000 when, at the original sentencing, no fine had been imposed.  The state has argued that since no fine was imposed in the first sentencing, imposition of a fine at the second sentencing violated the double jeopardy provisions of the United States and Alaska constitutions.  *See Sonnier v. State*, 483 P.2d 1003, 1005 (Alaska 1971) (once sentence has been meaningfully imposed, double jeopardy prohibits the increase of the sentence at a later time).  The state also argues that Judge Ripley engaged in "sentencing bargaining" when the defendant and his counsel agreed in open court that the imposition of a fine at the second sentencing would not violate double jeopardy.  *See State v. Buckalew*, 561 P.2d 289, 292 (Alaska 1977).

█  Hooper contended in the trial court and contends on appeal that a sentence of four years, all suspended, with the imposition of a $5,000 fine is a lesser sentence than a sentence of four years with two and one-half years suspended.  Hooper contends that he was not coerced into taking this position by the judge, and the record supports this assertion.  Inasmuch as Hooper, who is represented by counsel, has consistently contended that his sentence on resentencing was reduced, and that he was not coerced into agreeing to a sentence which involved his payment of a fine, we decline to accept the petition for review.

**4.** We recognize that there is a certain unfairness in taking into account the fact that an offender has taken substantial steps towards rehabilitation while the offender is on appeal bond.  Obviously, many offenders do not get this opportunity.  We do not believe, however, that a trial judge is required to ignore any facts which relate to a defendant's prospects for rehabilitation.

The sentence of the superior court is DISAPPROVED.

**5.** This may have been an appropriate case for the trial judge to consider having Hooper serve time on weekends, in order to help preserve his employment, or have allowed Hooper to perform some community service, in order to substitute for some period of incarceration.