**STATE of Alaska, Appellant,**

v.

**John Mathis WORTHAM, Appellee.**

**No. 2452.**

Supreme Court of Alaska.

July 3, 1975.

Eugene P. Murphy, Asst. Dist. Atty., Joseph D. Balfe, Dist. Atty., Anchorage, Avrum Gross, Atty. Gen., Juneau, for appellant.

Ben Esch, Asst. Public Defender, Herbert D. Soll, Public Defender, Anchorage, for appellee.

Before RABINOWITZ, Chief Justice, and CONNOR, ERWIN, BOOCHEVER and BURKE, Justices.

## OPINION

RABINOWITZ, Chief Justice.

The State of Alaska appeals the sentence imposed by the superior court in this case on the ground that it is too lenient.[1]

After trial by jury, appellee John Wortham was found guilty of larceny in a building in violation of AS 11.20.150.[2] Thereafter, the superior court sentenced Wortham to a term of four years. The

---

1. AS 12.55.120(b) provides:

   A sentence of imprisonment lawfully imposed by the superior court may be appealed to the supreme court by the state on the ground that the sentence is too lenient; however, when a sentence is appealed by the state and the defendant has not appealed the sentence, the court is not authorized to increase the sentence but may express its approval or disapproval of the sentence and its reasons in a written opinion.

   In the case at bar, appellee John Wortham has not appealed the sentence imposed by the superior court.

2. AS 11.20.150 provides that the crime of larceny in a building is punishable by imprisonment in the penitentiary for not less than one nor more than seven years.

sentence was ordered to run concurrently with an eight-year sentence previously imposed by the United States District Court for the District of Alaska.[3] Concerning this federal sentence, Wortham received the maximum term of five years upon the entry of his guilty plea to the offense of unlawful possession of stolen mail in violation of 18 U.S.C. § 1708. Wortham also pleaded guilty to the crime of resisting federal officers, contrary to 18 U.S.C. § 111, and was given a term of three years' imprisonment, which sentence was made to run consecutively to the maximum five-year term.

The record reveals that on January 23, 1974, Wortham and two companions drove into a service station in Anchorage to obtain gasoline. After the attendant had serviced the vehicle, the three accompanied him back to the office where they paid him for the gasoline. In the course of making change, the attendant was distracted by Wortham when he dropped some coins on the floor. While the attendant leaned over to help retrieve the coins, five twenty-dollar bills were taken from the till. Immediately noticing the absence of the money when he went back to the register, the attendant questioned the men about it but was dissuaded from taking any further action at that time by the intimidating presence of the three men.

Wortham was thirty years old at the time he committed the larceny in question. He has an eleventh grade education and has apparently experienced learning difficulties in the past. Wortham's employment record over the past years can be characterized as spotty. Since 1969 he has worked as a janitor, a truck driver for several employers, and a self-employed carpet cleaner.

The record further shows that Wortham has had a narcotics addiction problem for the last three or four years, having become a heroin addict sometime in 1972. He successfully completed the methadone program at the Langdon Clinic in 1972-73, but subsequently became addicted to methadone. Under the treatment of his own physician, however, this problem has apparently been resolved, and Wortham claims to have been "clean" since early 1974.

Of particular significance is the fact that Wortham has garnered a considerable number of criminal convictions. More particularly, Wortham has built up an impressively lengthy criminal record which contains seven separate felony convictions for theft offenses committed since 1967.[4]

At the conclusion of the sentencing hearing in the case at bar, Judge Lewis discussed, in considerable detail, his reasons for imposing a concurrent four-year sentence. Recognizing the criteria articulated in *State v. Chaney*, 477 P.2d 441, 444

3. AS 11.05.050 provides that:

  If the defendant is convicted of two or more crimes, before judgment on either, the judgment may be that the imprisonment upon one conviction begins at the expiration of the imprisonment for any other of the crimes. If the defendant is imprisoned upon a previous judgment on a conviction for a crime, the judgment may be that the imprisonment commences at the expiration of the term limited by the previous judgment.

  In *Marrone v. State*, 458 P.2d 736, 741 (Alaska 1969), we said in part:

  Further, it is well established that a state court may make its sentence run consecutively to one imposed by the courts of a sister state or the federal courts. It has also been held that a federal court may sentence consecutively to a state sentence.

*See, also* Lanier v. State, 486 P.2d 981, 991 (Alaska 1971); State v. Pete, 420 P.2d 338, 342 (Alaska 1966).

4. In 1967 Wortham was convicted on three separate counts of larceny in a building and received concurrent three-year sentences; in 1970 he was convicted of the crime of attempted grand larceny and sentenced to a term of five years with two years suspended; in 1971 he was again convicted of attempted grand larceny receiving a six-year sentence with four years suspended; in January of 1975 Wortham was convicted of the previously mentioned federal felony offenses of unlawful possession of stolen mail and resisting federal officers; and in February of this year, in the case at bar, Wortham was convicted of the crime of larceny in a building. The record further discloses a conviction for petty larceny in 1971.

(Alaska 1970), it was Judge Lewis' conclusion that the goal of rehabilitation had to be "discounted substantially" in view of Wortham's past criminal record, and that under the circumstances he could not "rate [rehabilitation] as a high priority at this time". On the other hand, deterrence, condemnation, and, most importantly, isolation from society were the factors which the trial judge considered deserving of "greater weight . . . in view of the unhappy results from prior sentencing".

Judge Lewis did not believe that the circumstances of the case warranted imposition of the maximum term of seven years. Reasoning that the crime itself did not rise to the level of "high social concern" in that no one was hurt, no overt acts or threats were directed toward the victim, and the theft was "by a trick really . . . ."[5]

■■ In *State v. Chaney*, 477 P.2d 441, 444 (Alaska 1970), we said that in reviewing criminal sentences, we will make our own examination of the record and will modify the sentence only "if we are convinced that the sentencing court was clearly mistaken in imposing the sanction it did." The *Chaney* standard is also applicable in cases, such as that presented here, in which AS 12.55.120(b) precludes sentence modification, restricting us to expression of approval or disapproval. In *Chaney*, we also stated that in determining whether any particular sentence is excessive or too lenient, this court will consider the proceedings below "in light of the nature of the crime, the defendant's character, and the need for protecting the public."[6]

The gist of the State's position in this appeal is that in determining whether

based upon . . . [Wortham's] record, the sentence was clearly mistaken in

that it did not sufficiently reflect the *Chaney* guidelines of deterrence and reaffirmation of societal norms. Simply stated, the sentence was too short for a person with this background.

In further arguing that the maximum period of seven years should have been imposed, the State asserts that Wortham "is a remorseless, deliberate criminal, untouched by society's efforts to help and disinterested in changing himself, e. g., a 'worst type of offender' who deserves a maximum sentence . . . ."

■■ We have recognized in past decisions that maximum sentences generally should not be imposed "without some foundation for characterizing a defendant as the worst type of offender." *Galaktionoff v. State,* 486 P.2d 919, 924 (Alaska 1971). *See Donlun v. State,* 527 P.2d 472, 474–75 (Alaska 1974); *Tarnef v. State,* 492 P.2d 109, 118 (Alaska 1971); *Waters v. State,* 483 P.2d 199, 201 (Alaska 1971). Some of the factors which this court has looked to in order to support such a characterization—and the imposition of a maximum term—have been prior criminal convictions, age, military records, employment history, drug or alcohol addiction, presentence report evaluations and recommendations, and behavior which has been considered to demonstrate an antisocial nature or dangerous propensities which pose a clear risk to the public. *See, e. g., Tarnef v. State,* 492 P.2d 109, 118 (Alaska 1971); *Waters v. State,* 483 P.2d 199, 201 (Alaska 1971).

■ Given Wortham's record of seven prior felony convictions from 1967 to 1975, we believe that compelling data are present which would permit characterizing Wortham as belonging to the "worst type of offender" category. Thus, in light of his

---

5. The author of the presentence report in the instant case concluded that Wortham had demonstrated an inability to avoid involvement in criminal activities, and was to be considered a "poor probation risk at this time." Although no suggestion was made as to the length of sentence to be imposed, it was

the final recommendation of the report that probation be denied, and that consideration be given to providing basic educational training to appellee during incarceration.

6. State v. Chaney, 477 P.2d 441, 443 (Alaska 1970).

history of criminal activity and the other factors to which we have alluded that comprise Wortham's background, the superior court could reasonably have determined that imposition of the maximum term of seven years' imprisonment provided for by AS 11.20.150 was warranted. But, under the particular circumstances of this case, the failure to impose the maximum term is not clearly mistaken.

On the other hand, in light of the sentencing goals first articulated in *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970), we conclude that the superior court's sentence in the case at bar should be disapproved. Our conclusion is reached on grounds other than have been urged by the State of Alaska. We think the superior court's sentence too lenient because no portion of the four-year term it imposed was made to run consecutively to the eight-year federal sentence Wortham was serving at the time he was sentenced in superior court. The penal goals set out in *Chaney* were frustrated by virtue of the fact that no real or effective additional sanctions or detriments flowed from Wortham's conviction of the crime of larceny in a building in the instant case.

In order to effectuate the goals mentioned in *Chaney*, we think that some portion of the sentence which was meted out by the superior court should have been made to run consecutively to the federal sentence Wortham was then serving.[7] Making a portion of the superior court's sentence run consecutively to the federal term of imprisonment would have served to bring home to Wortham the seriousness of the offense he committed; would have provided a vehicle by which community

condemnation of Wortham's antisocial conduct could have been voiced; and would have isolated Wortham for an additional period in order to prevent further criminal conduct during the period of his confinement.

The superior court's sentence is disapproved.

CONNOR, J., dissents.

CONNOR, Justice (dissenting).

In view of Wortham's lengthy criminal record, I have no difficulty in classifying him as the worst type of offender in terms of committing repeated crimes of the larcenous variety. The record reveals few mitigating factors which would support a lenient sentence.

In my view of the record, the trial judge did carefully consider and weigh the factors set forth in *State v. Chaney*, 447 P.2d 441 (Alaska 1970). Probably he selected a four-year sentence in view of the circumstances of the offense and the amount of money which was taken.

Even though the sentence does not run consecutively to the federal sentence, it nevertheless does express community condemnation of Wortham's antisocial conduct. Moreover the imposition of this sentence may affect the grant of parole by federal authorities, so that it does have consequences beyond merely running concurrently with the federal sentence.

Considering the nature of the offense I think the four-year sentence was within a zone of reasonableness and that the trial judge was not clearly mistaken in imposing it.

I would approve the sentence.

7. *See* ABA Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures § 3.4(c), Commentary at 176–77 (Approved Draft, 1968). This commentary in part states:

The basic principle underlying subsection (b) is that it is unsound to permit the endless cumulation of multiple sentences. The function of the consecutive sentence should be similar to the function of the sentence imposed on habitual or dangerous offenders. Because of his repeated criminality the offender who has rendered himself subject to multiple sentences may pose the same type of unusual risk to the safety of the public. It would thus appear that he should be treated in a similar fashion.