**Robert ZAUKAR, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–1234.

Court of Appeals of Alaska.

March 27, 1987.

Donald L. Surgeon, Asst. Public Defender, Bethel, and Dana Fabe, Public Defender, Anchorage, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Harold M. Brown, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

Robert Zaukar was convicted, following a jury trial, of first-degree sexual assault. AS 11.41.410(a)(1). Superior Court Judge Christopher R. Cooke sentenced Zaukar to a presumptive term of eight years. AS 12.55.125(i)(1). Zaukar appeals his conviction and sentence. We affirm.

Zaukar first argues that Judge Cooke erred in refusing to suppress the written confession Zaukar gave to a state trooper. Zaukar points out that the discussion resulting in his written statement was not recorded even though recording equipment was available. Zaukar asks this court to apply his interpretation of the rule announced in *Mallott v. State,* 608 P.2d 737 (Alaska 1980), and to extend to him the

---

remedy, for a violation of that rule, announced in *Stephan v. State*, 711 P.2d 1156 (Alaska 1985).

In *Mallott*, the court stated: "It is appropriate at this time however, to advise law enforcement agencies that as a part of their duty to preserve evidence, it is incumbent upon them to tape record, where feasible, any questioning and particularly that which occurs in a place of detention." 608 P.2d at 743 n. 5 (citations omitted).

In *Stephan*, the court held that the due process clause of the Alaska Constitution requires police officers, where feasible, to record custodial interrogations which occur in places of detention. Failure to comply with this rule will require the suppression of statements resulting from the unrecorded custodial interrogations. 711 P.2d at 1159–1165.

Zaukar argues that *Mallott* should be interpreted broadly. He suggests that *Mallott* requires the tape recording of police interviews, wherever and whenever feasible, without regard to whether the individual being interviewed is in custody, or whether the interview is occurring at a place of detention. At the same time, Zaukar suggests that the exclusionary remedy in *Stephan* should be extended to violations of this rule. We disagree.

The core of the *Mallott* decision, as ultimately expressed in *Stephan*, involves custodial interrogation occurring in a place of detention. Unrecorded statements made during non-custodial interrogations were not at issue in *Mallott* or its pre-*Stephan* progeny (*see, e.g., McMahan v. State*, 617 P.2d 494 (Alaska 1980); *S.B. v. State*, 614 P.2d 786 (Alaska 1980)).

In the instant case, the trial court found that the interview at issue was a non-custodial interview which occurred in the field. Judge Cooke's findings are supported by the record, and are not clearly erroneous. *Chilton v. State*, 611 P.2d 53, 55 (Alaska

1980). Since the interview was non-custodial, recording was not required.[1]

## CRIMINAL RULE 45

 Zaukar next argues that Judge Cooke erred in denying his motion to dismiss, which was based on Alaska Criminal Rule 45. Rule 45(c)(1) states that the time for trial shall begin running, "[f]rom the date the defendant is arrested, initially arraigned, or from the date the charge ... is served upon the defendant, whichever is first." Zaukar's argument is based on his contention that he was "arrested" when he was interviewed by the state trooper. Judge Cooke's finding that Zaukar was not in custody at the time of the interview is not clearly erroneous and disposes of Zaukar's contention that he was under arrest at that time. It follows that Zaukar's Criminal Rule 45 claim has no merit.

## MITIGATING FACTOR

 Zaukar argues that Judge Cooke erred in rejecting his proposed mitigating factor at sentencing. Zaukar contended that his conduct "was among the least serious conduct included in the definition of the offense." AS 12.55.155(d)(9). He argues that the lack of physical injury to the victim and the minimal duration of the assault required Judge Cooke to find this mitigating factor. Judge Cooke noted that Zaukar used substantial force to complete genital intercourse with the victim and that she was still very upset by the experience well over a year after the assault. Judge Cooke concluded that the sexual assault appeared to be "in the mainstream" of first-degree sexual assaults.

A mitigating factor must be established by "clear and convincing" evidence. AS 12.55.155(f). On review, a judge's finding as to the existence of a mitigating factor will be upheld unless clearly erroneous. *Juneby v. State*, 641 P.2d 823, 834 (Alaska App.1982), *modified on other grounds*, 665

---

**1.** We need not decide whether to extend the recording requirement to custodial interrogations not occurring in places of detention. We note, however, that in *Resecker v. State*, 721 P.2d 650 (Alaska App.1986), we declined to extend the *Stephan* rule to custodial interrogations occurring at crime scene investigations, where recording equipment is available. 721 P.2d at 653 n. 1.

P.2d 30 (Alaska App.1983). Under this standard, a sentencing court's factual findings are entitled to deference; the court's decision must be upheld unless on review we are "left with the definite and firm conviction on the entire record that a mistake has been made." *Juneby*, 641 P.2d at 834 *quoting Troyer v. State*, 614 P.2d 313, 318 n. 11 (Alaska 1980). On this record, Judge Cooke did not err in rejecting Zaukar's proposed mitigating factor.

Zaukar's conviction and sentence are AFFIRMED.