**Clyde A. DENBO, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2237.**

Court of Appeals of Alaska.

June 17, 1988.

---

John Hagey, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

James P. Doogan, Jr., Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Clyde A. Denbo was convicted after pleading no contest to a charge of murder in the first degree, an unclassified felony punishable by imprisonment for up to ninety-nine years. AS 11.41.100; AS 12.55.125. In return for Denbo's plea, the state dropped charges of kidnapping, first-degree robbery, and misconduct involving a controlled substance in the third degree (sale of and possession with intent to sell cocaine). Superior Court Judge Jay Hodges sentenced Denbo to serve seventy-five years in prison. Denbo appeals, contending that the sentence is excessive. We affirm.

Denbo's charges arose from the drug-related shooting of Mark Minor in Fairbanks in late November or early December of 1986. At the time, Denbo was involved in an ongoing, large-scale cocaine distribution scheme with Geoffrey and Donna Mathis. The Mathises were in charge of the enterprise. Mark Minor had become heavily indebted to the Mathises as a result of a series of cocaine transactions. The Mathises believed Minor had become or was likely to become a police informant. They decided to kill him. At the direction of the Mathises, Denbo located Minor, who was attempting to hide from the Mathises. Denbo persuaded Minor to accompany him, purportedly to distribute a newly arrived shipment of cocaine. Denbo subsequently disarmed Minor at gunpoint and took approximately $250 in cash from him. Geoffrey Mathis, accompanied by Donna Mathis, Denbo and another individual, then drove Minor to a remote location outside of Fairbanks, where Denbo killed Minor by firing three shots into the back of his head.

In imposing a sentence of seventy-five years for the offense, Judge Hodges took account of the fact that Denbo was a twenty-one-year-old first offender. The judge also recognized that Denbo acted at the direction of the Mathises, who were primarily involved in planning the killing. Nevertheless, Judge Hodges emphasized that the offense was a planned and premeditated drug-related murder, that Denbo played a major role in the Mathises drug distribution scheme, and that he was directly responsible for the abduction and shooting of Minor. Judge Hodges found that Denbo's offense involved conduct that was among the most serious included in its class. Noting that a psychological evaluation indicated that Denbo's prospects for rehabilitation were guarded, Judge Hodges concluded that the sentencing goals of deterrence, isolation, and community condemnation deserved priority. Judge Hodges also concluded, however, that a sentence lower

than the maximum term should be imposed because Denbo had voluntarily cooperated with the police following his arrest by agreeing to testify against the Mathises. Relying on Denbo's cooperation as a mitigating factor, Judge Hodges determined that a sentence of seventy-five years' imprisonment was appropriate.

On appeal, Denbo challenges the sentencing court's finding that he qualifies as a worst offender. We find no merit to Denbo's argument. Because Denbo did not receive a maximum term, a worst offender finding is unnecessary to justify his sentence. *See State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975). In any event, we conclude that the court did not err in characterizing Denbo's conduct as a worst offense. Worst offender status can be based on an offender's background, the intrinsic nature of the offense, or both. *See Burleson v. State*, 543 P.2d 1195, 1200–02 (Alaska 1975). Although Denbo acted at the direction of the Mathises, there is nothing in the record to indicate that he was anything other than a fully willing participant in the crime, a cold-blooded execution-style abduction and murder that arose out of an ongoing course of cocaine trafficking. We have consistently approved maximum terms for first offenders convicted under comparable circumstances. *See, e.g., Ridgely v. State*, 739 P.2d 1299, 1302 (Alaska App.1987); *Lewis v. State*, 731 P.2d 68, 72–73 (Alaska App.1987); *Riley v. State*, 720 P.2d 951, 952–53 (Alaska App.1986); *Hoover v. State*, 641 P.2d 1263, 1264 (Alaska App.1982).

In *Riley v. State*, 720 P.2d at 952–53, we rejected as inappropriate a proposal to establish a sixty-year benchmark term for first offenders convicted of first-degree murder. We said:

> Alaska cases have consistently approved the imposition of maximum sentences for the offense [of first-degree murder]. Indeed, we are aware of no decision of this court or of the Alaska Supreme Court holding a maximum sentence for first-degree murder to be excessive.
>
> Certainly, this does not mean that a sentence below the legal maximum would be inappropriate in every case of first-degree murder or that a maximum sentence could never be considered excessive for the offense. Nor does it mean that, in such cases, the sentencing court is free to disregard the obligation to base its sentence on a careful assessment of all applicable sentencing criteria. While the inherent seriousness of the offense will almost invariably require that the goals of isolation of the offender, general deterrence, and community condemnation be given a prominent role in sentencing, we believe it particularly important in first-degree murder cases involving youthful first offenders that rehabilitation and individual deterrence also be accorded careful scrutiny and appropriate weight.

*Id.* (citation and footnote omitted).

Here, the sentencing court carefully and appropriately considered all of the *Chaney* sentencing criteria and imposed a term significantly lower than the maximum for the offense. *State v. Chaney*, 477 P.2d 441, 443–44 (Alaska 1970). Having independently reviewed the entire sentencing record, we cannot say that the sentence imposed below was clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.