Joseph M. ALWARD, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2559.

Court of Appeals of Alaska.

Jan. 27, 1989.

John C. Pharr, Anchorage, for appellant.

William L. Estelle, Asst. Dist. Atty., Steven H. Morrissett, Dist. Atty., Palmer, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

Joseph M. Alward was convicted by a jury of driving while intoxicated (DWI), in violation of AS 28.35.030(a), and driving while license revoked (DWLR), in violation of AS 28.15.291(a). He was sentenced to 360 days in jail and fined $5,000 with $4,000 suspended for each conviction. The sentences were made to run consecutively. Alward appeals his conviction and sentence. We affirm.

Elley Hayes was the first defense witness. She testified that she was the driver of the vehicle, but that she traded places with Alward because she knew there was a warrant out for her arrest. On cross-examination, Hayes testified that she knew she was charged with DWI (in an unrelated case) but that she assumed she could continue to drive until she appeared in court. She did not recall receiving or signing a notice of revocation. On rebuttal, Alaska State Trooper Don G. Savage testified, over objection, that he stopped Hayes and arrested her for DWI on September 9, 1987. Trooper Savage also testified that he always reads the license revocation forms to the drivers.

On appeal, Alward argues that the trial court committed error in permitting the state to cross-examine Hayes on the prior DWI arrest. We disagree. Alward was the first to introduce the topic of Hayes' outstanding bench warrant and her prior DWI. The trial court ruled that the evidence was not unfairly prejudicial to Alward, that it showed Hayes' knowledge regarding the status of her license, and that it was direct impeachment. We agree with the trial court's ruling. While evidence of other crimes is not admissible to show bad character or propensity to commit crimes, it is admissible when relevant to a material fact in issue such as knowledge. *Fields v. State*, 629 P.2d 46, 49 (Alaska 1981). Hayes' knowledge that her license was suspended was directly relevant to her willingness to drive. It is reasonable to infer that a person with a valid license would be more willing to drive a vehicle than a person whose license had been suspended. Because the defendant introduced the issue, the additional prejudice was slight. Therefore, the court did not abuse its discretion by permitting the cross-examination. A.R.E. 403, 404(b).

Alward next argues that he deserves a new trial because the jury failed to follow Jury Instruction No. 6 in convicting him. Jury Instruction No. 6 read:

> You must consider the separate theories of the driving while intoxicated case as charged in each of the two parts of the complaint.
>
> If you unanimously find the defendant not guilty of either part, you must enter the verdict on the appropriate form and continue your deliberations and attempt to reach a unanimous verdict on the other part.
>
> *If you unanimously find the defendant guilty of either Part A or Part B, you need not deliberate as to the other*

*part because you will have already found the defendant guilty of driving while intoxicated.*

(Emphasis added.) The jury's verdict clearly states that it found Alward guilty of drunk driving under both theories. It was not necessary for the jury to convict Alward under both theories, but it was not improper for the jury to do so. Therefore, the court did not abuse its discretion in denying the motion for a new trial.

 Finally, Alward argues that his sentence is excessive. Alward has six prior DWI convictions and five prior DWLS convictions within the last ten years. Under the circumstances, a composite sentence of 720 days to serve is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

The sentence of the district court should be AFFIRMED.