Nathaniel POINTER, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. A–3834.

Court of Appeals of Alaska.

June 7, 1991.

Stuart G. Ross, Gorton & Oberly, Anchorage, for appellant.

Cesar O. Velasquez, Asst. Mun. Prosecutor, and Richard L. McVeigh, Mun. Atty., Anchorage, for appellee.

Before BRYNER, C.J.,
MANNHEIMER, J., and ANDREWS,
Superior Court Judge.*

## OPINION

BRYNER, Chief Judge.

A jury convicted Nathaniel Pointer of assault for striking his wife three times in the face with his fist. Anchorage Municipal Code (AMC) § 08.05.030.[1] Superior Court Judge J. Justin Ripley, acting as a district court judge, sentenced Pointer to one year with no time suspended. Pointer appeals his sentence as excessive. We affirm.

At sentencing, the prosecutor informed the court that Pointer had a lengthy misdemeanor record, consisting of fourteen prior convictions: larceny in 1978; eluding a police officer in 1980; leaving the scene of an accident, driving while intoxicated (DWI), and driving with license suspended (DWLS) in 1982; DWI, DWLS, and eluding a police officer in 1983; reckless driving and DWLS in 1985; assault in 1987; DWLS and failure to appear in 1989; and malicious destruction of property in 1989. The prosecutor noted that Pointer had been assigned to the Male Awareness Program and given a suspended imposition of sentence for the 1987 assault. The prosecutor further noted that while Pointer was out on bail for his current offense, he attacked his wife with a knife, resulting in a felony assault conviction.

In sentencing Pointer to a year to serve, the court relied heavily on Pointer's prior record, which, in the court's view, indicated that Pointer has a substance abuse problem "of significant magnitude," a "propensity for violence," and a "suggestion" of a personality disorder. The court also concluded that Pointer's conduct was "among the worst assault fours that we could have." The court pointed out that the offense was an unprovoked attack against a family member which resulted in some degree of bruising and cuts to the victim's mouth. The court further noted that Pointer had not benefitted from the Male Awareness Program, either because he did not attend or he did not learn. Under the circumstances, the court found that Pointer qualified as a worst offender.

On appeal, Pointer challenges the imposition of the maximum sentence on a number of grounds. Pointer notes that his misdemeanor record consists largely of driving-related rather than assault-type offenses. Pointer further contends the court's imposition of a suspended imposition of sentence for the 1987 assault, and the municipality's offer of a suspended sentence prior to trial in this case, establish that neither offense was particularly serious. In Pointer's view, because he has not yet served any jail time for this type of conduct, his deterrence capabilities have not yet been tested. Pointer also analogizes his misdemeanor assault convictions to a DWI conviction and points out that the legislature does not require a DWI offender to serve 365 days as a minimum sentence until he has been convicted of DWI six times. Pointer also contends that the court sentenced him to the maximum term only because he committed a felony assault against his wife shortly after he committed this offense. Finally, Pointer claims that, because Judge Ripley ordinarily sits as a superior court judge, he is accustomed to felony, rather than misdemeanor, sentences.

Maximum sentences are generally disfavored "without some foundation for charac-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. AMC 08.05.030 provides in part: .
   *Assault.*
   A. It is unlawful for any person to commit an assault.
   B. An assault is:

1. an intentional or reckless use of force or violence upon the person of another; or
2. an intentional or reckless use of force, which creates a reasonable apprehension of immediate physical injury to the person of another.

terizing a defendant as the worst type of offender." *State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975). Some of the factors relevant to a worst-offender finding are:

> [P]rior criminal convictions, age, military records, employment history, drug or alcohol addiction, presentence report evaluations and recommendations, and behavior which has been considered to demonstrate an antisocial nature or dangerous propensities which pose a clear risk to the public.

*Id.*

In light of Pointer's extensive misdemeanor record, the sentencing court did not err in classifying him as a worst offender. The court did not place undue emphasis on the subsequent felony assault conviction but instead appeared to focus primarily on Pointer's prior criminal history. The record on appeal provides no support for Pointer's contention that his sentence was influenced because Judge Ripley ordinarily presides over superior court, rather than district court cases. Judge Ripley's sentencing remarks indicate that he carefully considered each of the *Chaney* criteria. The court was under no obligation to impose the sentence offered as part of a plea agreement by the prosecutor prior to trial. We find no merit in Pointer's suggestion that the sentencing court must wait until a defendant commits his sixth assault before imposing a maximum sentence.

Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below is not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.