**Mark DOWNS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. A–5034, A–5044, and A–5083.**

Court of Appeals of Alaska.

May 6, 1994.

Randall S. Cavanaugh, Anchorage, for appellant.

David G. Berry, Asst. Dist. Atty., Kenneth J. Goldman, Dist. Atty., Palmer, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before COATS and MANNHEIMER, JJ., and WOLVERTON, District Court Judge.*

## OPINION

MANNHEIMER, Judge.

On February 11, 1993, Mark Downs drove a motor vehicle while his blood-alcohol level was .157 percent and while his driver's license was revoked from previous drunk driving convictions. Downs pleaded no contest to driving while intoxicated (DWI), AS 28.35.-030(a), and to driving while his license was revoked (DWLR), AS 28.15.291(a). These offenses were Downs's fifth DWI and his eleventh DWLR.

For the offense of driving while intoxicated, District Court Judge Peter G. Ashman sentenced Downs to 360 days in jail with 300 days suspended (60 days to serve). For the offense of driving with a revoked license, Judge Ashman sentenced Downs to a consecutive 360 days in jail (all to serve). Thus, Downs's composite sentence from his most recent offenses is 420 days to serve, with an additional 300 days suspended.

Because of these new offenses, Judge Ashman revoked Downs's probation from two prior DWLR convictions from 1990 and 1991. For the 1990 DWLR, Downs had received 365 days in jail with 180 days suspended; Judge Ashman now imposed the 180 days of previously suspended jail time. For the 1991 DWLR, Downs had received 360 days in jail with 90 days suspended; again, Judge Ashman imposed all the remaining jail time (90 days).

Judge Ashman ran these two probation revocation sentences consecutively to

* Sitting by assignment of the chief justice made pursuant to Article IV, Section 16 of the Alaska

Constitution.

Downs's sentences for his 1993 crimes. Thus, when the sentences from Downs's 1993, 1991, and 1990 offenses are totaled, Downs received a composite sentence of 690 days to serve, with an additional 300 days suspended.

Downs argues that his sentences are excessive and that the district court should have allowed him to serve his jail time in yearly 8-month increments (leaving him free during the summer months to pursue his vocation as a fishing guide). We affirm the district court's sentencing decision.

■ Downs first attacks his 360-day sentence for driving while his license was revoked. He points out that driving with a revoked license is generally classified as a *malum prohibitum* offense—that is, an offense not known to the common law and one which is not, of itself, inherently dangerous to others.[1] Downs argues that, because driving with a revoked license is a *malum prohibitum* offense, no major societal interest is at stake when the offense is committed, and therefore the crime can not support a substantial jail sentence.

We disagree. Regardless of whether driving with a revoked license is a *malum prohibitum* offense, the Alaska legislature clearly considers this offense to be among the most serious misdemeanors. The legislature has provided substantial mandatory minimum penalties for persons convicted of this offense: 10 days in jail for a second offense, and 20 days with 10 suspended for a first offense if the defendant's license was revoked on account of a DWI conviction. AS 28.15.-291(b). This court has previously upheld substantial sentences for this crime. *See*, for example, *Resecker v. State*, 721 P.2d 650, 654 (Alaska App.1986).

Moreover, Downs's license was revoked because of his convictions for driving while intoxicated. Downs had no driver's license because he had proved that he could not be trusted to operate a potentially lethal machine in a responsible manner. This point is amplified by the fact that Downs's most re-cent conviction for DWLR was accompanied by yet another conviction for DWI. Whatever might be argued about the offense of driving with a revoked license in the abstract, Judge Ashman could properly conclude that Downs, who had eleven convictions for DWLR, was a dangerous and largely undeterrable offender. The record supports Judge Ashman's finding that Downs was a worst offender for whom the maximum sentence was justified. *See Pointer v. Municipality of Anchorage*, 812 P.2d 232, 234 (Alaska App.1991) (a defendant's lengthy history of mostly nonviolent misdemeanors can support a finding that a defendant is a worst offender).

■ Downs also argues that, even assuming he properly received the maximum sentence for driving with a revoked license, Judge Ashman should not have sentenced him to another 330 days of consecutive jail time for his DWI conviction and for the probation revocations from his 1991 and 1990 DWLR offenses. However, Downs has an egregious history of repeated, serious driving offenses: eleven DWLR convictions and five DWI convictions. He has continued to commit these offenses despite the district court's imposition of lesser jail sentences and probation. Downs's criminal record adequately supports Judge Ashman's decision to impose a composite sentence exceeding the 1-year maximum for a single DWLR. *See State v. Graybill*, 695 P.2d 725, 731 (Alaska 1985) (a defendant's history of repeated non-violent crimes despite convictions and lesser jail sentences can support a finding that the defendant is a dangerous offender whose composite sentence can exceed the maximum sentence for the single most serious offense); *Alward v. State*, 767 P.2d 1175, 1177 (Alaska App.1989) (upholding a composite sentence of 2 years' imprisonment for a defendant's seventh DWI and sixth DWLR).

■ As his final argument on appeal, Downs asserts that Judge Ashman abused his discretion when he failed to allow Downs

---

1. This is concededly an over-simplification of the legal terminology. There appears to be no fixed definition of the term *malum prohibitum*. For a discussion of the various meanings ascribed to this term, see W. LaFave and A. Scott, *Substantive Criminal Law* (1986), § 1.6(b), Vol. 1, pp. 45–48.

to serve his sentence in 8–month annual increments. Both at sentencing and in a later motion for reconsideration, Downs asked Judge Ashman to allow him to serve this sentence in yearly increments of 8 months so that Downs would have 4 months every year to pursue his livelihood as a fishing guide. Judge Ashman denied Downs's request. He noted that Downs had avoided lengthier jail sentences in the past by pleading the seasonal requirements of his business. Despite this lenient consideration, Downs had continued to commit new offenses and he had avoided alcohol treatment. Judge Ashman concluded that Downs's record of continued violations foreclosed any further leniency on this score.

The record demonstrates that Judge Ashman had a reasoned basis for his decision. We therefore find no abuse of discretion.

*See Gonzales v. State,* 691 P.2d 285, 286 (Alaska App.1984) (under an abuse of discretion standard, a reviewing court is to reverse only "if the trial court's decision is clearly untenable or unreasonable").

In sum, we conclude that Downs's composite sentence is not clearly mistaken. *McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974). The sentencing decision of the district court is AFFIRMED.

BRYNER, C.J., not participating.