Frederick WHITE, Appellant,

v.

STATE of Alaska, Appellee.

No. A–6895.

Court of Appeals of Alaska.

Dec. 24, 1998.

**4.** *See Eppenger v. State,* 966 P.2d 995, 997 (Alaska App.1998) (majority opinion) and at 998 (Mannheimer, J., concurring).

David D. Mallet, Juneau, for Appellant.

Thomas E. Wagner, Assistant District Attorney, Richard A. Svobodny, District Attorney, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

Frederick White was convicted of felony driving while intoxicated, a class C felony.[1] Superior Court Judge Larry R. Weeks sentenced White to serve 5 years in prison—the maximum term allowable under AS 12.55.125(e). In this appeal, White contends that this sentence is excessive. For the reasons explained here, we conclude that the superior court properly viewed White as a "worst offender", and we therefore conclude that White's sentence of 5 years to serve is not clearly mistaken.[2]

This case arose in Yakutat on August 3, 1997. In the middle of the afternoon, the police received a report that Frederick White was intoxicated and was driving from the airport towards town. Investigating this report, a police officer drove toward the airport. When he saw White's truck headed the other way, the officer turned around and began to follow White. White turned onto a side road, then backed his vehicle into a ditch while trying to turn around. The officer contacted White and had him perform field sobriety tests. When White failed these tests, the officer arrested him for driving while intoxicated. White's Intoximeter result was .233 percent blood alcohol.

White was released from custody around 5:00 p.m.. As part of his conditions of release, White was ordered not to drive for the next 24 hours and not to possess or consume alcohol pending his next court appearance.

About an hour and a half later, the police received a report that White was again operating his vehicle (while still intoxicated), and that White was in possession of a bottle of vodka. When officers went to investigate, they found a 55–gallon drum that had rolled off of White's truck while he was driving. They then found White at the boat harbor; White told the officers that he had driven to the harbor to deliver groceries to his boat. The officers found a half-gallon bottle of vodka in the front seat of White's truck. White again failed field sobriety tests, and he was again arrested.

During the ride to the police station, White raised his leg over the seat divider and kicked one of the police officers in the face. The blow was forceful enough to leave a boot imprint. The officers used cap-stun on White, but they still had to physically struggle with White to subdue him. At the station, White's Intoximeter result was .221 percent blood alcohol.

Based on these incidents, White was charged with two counts of felony driving while intoxicated and one count of assault. White ultimately reached a plea agreement with the State. Under this agreement, White pleaded no contest to one count of DWI; the State dismissed the assault and the other count of DWI, with the proviso that these crimes could be considered at sentencing.

Felony driving while intoxicated is a class C felony.[3] White had a prior felony conviction from 1983, and so he faced a presumptive term of 2 years' imprisonment and a maximum term of 5 years' imprisonment.[4] White's prior felony conviction was for third-degree assault, but the offense actually constituted an aggravated instance of driving while intoxicated: White caused a traffic accident while he was driving drunk and, as a result, six people were injured.

White had an extensive history of driving while intoxicated. He had twelve prior convictions for that crime (or the predecessor crime, "operating a motor vehicle while intoxicated"). Many of these prior DWIs involved

1. *See* AS 28.35.030(a) & (n).

2. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974).

3. AS 28.35.030(n).

4. AS 12.55.125(e)(1).

motor vehicle accidents; one of them involved a hit-and-run. The DWI in the present case was White's thirteenth, and the dismissed count would have been his fourteenth.

Moreover, White had an extensive history of assault offenses. Most of these assaults were directed at police officers. As already explained, White assaulted one of the arresting officers in the present case by kicking him in the head. This latest assault was similar to three other assaults that White had committed.

White was convicted of assault and battery in 1974 (under the former criminal code) for attempting to kick a police officer in the head. As in the present case, the assault occurred while the officer was trying to take White to jail. Six years later, in 1980, White was convicted of fourth-degree assault for kicking and hitting a state trooper in the face. In 1985, White was again convicted of fourth-degree assault. This incident occurred after White was arrested in Juneau. White was intoxicated, and he assaulted the officer by hitting him in the face with his fists and with handcuffs.

In addition to these assaults on police officers, White was convicted of fourth-degree assault in 1994 for shaking and threatening his wife.

Based on White's history of DWI's, Judge Weeks found aggravator AS 12.55.155(c)(21)—that White had a history of repeated offenses similar in nature to the crime for which he was being sentenced. Based on White's history of assaults, Judge Weeks found aggravator AS 12.55.155(c)(8)—that White's criminal history included repeated instances of assault.

Judge Weeks found that White was a "worst offender" for sentencing purposes.[5] The judge noted that White "ha[d] been through numerous alcohol rehabilitation programs", all without lasting effect. The judge

also noted that White had repeatedly violated previous probations. He concluded that a maximum sentence was required to protect the public from White.

On appeal, White essentially concedes that he has a terrible record, but he nevertheless argues that Judge Weeks should not have classified him as a "worst offender" because the facts of his present offense are not among the worst. We reject this argument for two reasons, one legal and one factual.

First, a finding of "worst offender" need not be based on the facts of the defendant's present offense. A defendant can be classified as a "worst offender" based either on the circumstances surrounding the defendant's present offense, or on the defendant's criminal history, or both.[6] In this case, White's record amply supports Judge Weeks's finding that White is a "worst offender".

Second, White's present offense is hardly mitigated. Although he was allowed to plead no contest to a single count of felony DWI, White in fact committed two separate DWI's. Further, as part of the second incident, White assaulted one of the officers who were transporting him to jail. Even after the officers sprayed White with cap-stun, they still had to use physical force to subdue him.

For all of these reasons, we uphold Judge Weeks's finding that White is a "worst offender". We accordingly conclude that White's 5-year prison term is not clearly mistaken. The sentencing decision of the superior court is AFFIRMED.

---

**5.** *See State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975); *Napayonak v. State,* 793 P.2d 1059, 1062 (Alaska App.1990).

**6.** *Wortham,* 537 P.2d at 1120; *Napayonak,* 793 P.2d at 1062.