Shane Daniel COLES, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8195.

Court of Appeals of Alaska.

Feb. 14, 2003.

Jane M. Banaszak, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

Erin E. White, Assistant District Attorney, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: COATS, Chief Judge, and
MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

■ Shane Daniel Coles appeals the 5–year sentence he received for felony driving while intoxicated. A 5–year term is the maximum term for this offense. Under Alaska law, before a sentencing judge can impose a maximum sentence, the judge must find that the defendant is a "worst offender" as that term is defined in *State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975) and *Napayonak v. State*, 793 P.2d 1059, 1062 (Alaska App.1990). Coles asserts that his sentencing judge erred in finding him to be a worst offender. We conclude that the record supports the sentencing judge's finding, and we therefore affirm Coles's sentence.

On December 2, 2000, at one of this city's busiest intersections—the corner of Lake Otis Parkway and Tudor Road—an Anchorage police officer observed a black truck speed through the intersection against the red light. The truck almost hit the car that was in front of the officer's patrol vehicle. The truck then made a wide turn onto Tudor, forcing another vehicle to stop suddenly to avoid a collision. After this, the truck changed lanes and ran up on the curb. When the officer initiated a traffic stop, the driver of the truck pulled completely onto the sidewalk with all four tires rather than turning into one of three nearby driveways.

Coles was the driver of this truck. The officer had to ask Coles for identification four times. Coles eyes were half-closed, and he had a strong odor of alcoholic beverages. Despite Coles's claim that he had drunk only one beer, he failed several field sobriety tests, and a subsequent Intoximeter test showed that his blood alcohol level was .137 percent.

Based on this incident, and based on his prior convictions for driving while intoxicat-

ed, Coles was charged with felony driving while intoxicated.[1] He ultimately pleaded no contest to this charge.

Felony DWI is a class C felony.[2] Because Coles had one prior felony conviction, he faced a 2-year presumptive term.[3] (Coles's felony conviction was a 1998 Utah conviction for criminal mischief. Coles broke into a truck, vandalized it, and stole property from the vehicle.) And, because Coles had four or more prior DWI convictions, he was subject to a mandatory minimum sentence of 360 days' imprisonment.[4]

Coles was 32 years old at the time of his current offense. He had eight prior convictions for driving while intoxicated during the preceding ten years (seven convictions from the State of Utah and one from the State of Idaho). His driver's license had been suspended or revoked numerous times.

Based on his prior DWI convictions, Coles conceded aggravating factor AS 12.55.155(c)(21)—a history of similar offenses. Because of this aggravating factor, the sentencing judge—Superior Court Judge *pro tempore* Sigurd E. Murphy—was authorized to consider a sentence up to the 5-year maximum term of imprisonment for a class C felony.[5]

At the sentencing hearing, the prosecutor asked Judge Murphy to find that Coles was a "worst offender"[6] based on Coles's lengthy record of DWI convictions, his long-term abuse of alcohol, and his failure to benefit from past counseling and treatment efforts. The prosecutor argued that Coles could not be rehabilitated or deterred, that Coles needed to be isolated to protect the public, and that Coles should therefore be sentenced to the 5-year maximum term.

Coles's attorney responded that Coles had made strides toward rehabilitation since being jailed. Coles had performed approximately 640 hours of community service while awaiting sentencing, he had completed classes on anger management, chemical dependency, and denial, and he had tried (apparently unsuccessfully) to initiate an Alcoholics Anonymous group in jail.

The defense attorney conceded that Coles had not completed the rehabilitative programs that were imposed as components of his past DWI sentences. But she asserted that Coles was discharged from these programs, not because of lack of interest or effort, but because, in Utah, a person is disqualified from participating in these treatment programs if the person falls behind in making any court-ordered payments. (By the time of Coles's most recent out-of-state DWI conviction, Coles had amassed over $32,000 in debt in the form of unpaid child support and court fines.)

Judge Murphy concluded that the State's position was supported by the record. The judge noted that Coles's pre-sentence reports from Utah contained "comments from all sorts of people ... that [Coles was] ordered to do things [that he] didn't do":

> *The Court:* You were ordered to participate in drug and alcohol counseling, to find and maintain regular employment, to pay your fines, [and] not to have any new violations of law. [But] you had new violations of the law, you failed to pay your fines, you failed to pay restitution, and [failed] to abide by the conditions of probation.

In particular, Judge Murphy noted, the Utah courts had repeatedly tried to provide Coles with rehabilitative treatment, but with no resulting change in his behavior. Instead, Coles had "repeated[ly] fail[ed] to abide by court orders ... to participate in substance abuse counseling". Judge Murphy rejected Coles's argument that financial problems had prevented him from completing the court-ordered treatment programs. The judge stated:

---

1. AS 28.35.030(a) & (n).

2. AS 28.35.030(n).

3. AS 12.55.125(e)(2).

4. AS 28.35.030(n)(1)(C).

5. *See* AS 12.55.155(a)(1) and AS 12.55.125(e).

6. *See State v. Wortham,* 537 P.2d 1117, 1120 (Alaska 1975); *Napayonak v. State,* 793 P.2d 1059, 1062 (Alaska App.1990) (defining "worst offender" for sentencing purposes).

While ... Coles argue[s] that his deep financial problems ... prevented him from engaging in meaningful alcohol rehabilitation programs, the court ... find[s][no] credible evidence to support [this assertion,] and ... find[s] that Coles has on numerous occasions denied that he had an alcohol problem and has repeatedly failed to address [this problem, despite] having been given many opportunities.

Judge Murphy acknowledged that Coles had done well during the months that he spent in custody awaiting sentencing, but the judge nevertheless concluded that Coles remained "a danger to society". Judge Murphy declared that the two most important sentencing goals in Coles's case were deterrence and isolation because Coles had failed to benefit from "chance after chance after chance of rehabilitation". Coles's "lengthy history" of DWI offenses and failed treatment convinced Judge Murphy that Coles had no ability to stop himself from driving while intoxicated, and that placing Coles on probation would not protect the public. The judge declared that Coles "poses an extremely high risk to the community [and] has very little chance, if any, for rehabilitation".

Based on all this, Judge Murphy concluded that Coles was indeed a "worst offender" for sentencing purposes, and he sentenced Coles to the maximum term of imprisonment: 5 years, all to serve.

On appeal, Coles asserts that Judge Murphy erred when he found Coles to be a worst offender. Coles argues that Judge Murphy erroneously equated Coles's "failure to successfully recover from alcohol addiction with an inability to be rehabilitated".

Coles renews his argument that financial problems prevented him from participating in past court-ordered treatment. But, as explained above, Judge Murphy expressly rejected this argument because Coles presented no evidence to support it. Judge Murphy also noted that Coles has a history of ignoring his responsibilities: documents from Coles's most recent DWI conviction in Utah indicated that Coles owed a total of $32,000 in child support to three women.

Coles also renews his argument that his conduct while jailed for his current offense shows that he has good rehabilitative potential. But, as explained above, Judge Murphy discounted Coles's good behavior in jail. Although he acknowledged that Coles had done well in jail, he concluded that Coles's past history of repeated DWI offenses and failed treatment while on probation was a better indicator of Coles's level of dangerousness.

Finally, Coles argues that he committed the majority of his prior DWI offenses "when he was a young man". Coles is referring to the fact that six of his prior convictions occurred in the years 1991 through 1995, when Coles was between the ages of 23 and 27. But Coles committed his seventh DWI in July 1998 and his eighth DWI several months later, in November 1998, when he was 30. Coles moved to Alaska in October 2000, and within two months he had committed the present offense, his ninth DWI, at the age of 32. Based on this chronology, Judge Murphy could reasonably conclude that Coles was a continuing danger to the public.

■ A defendant can be classified as a "worst offender" based either on the circumstances surrounding the defendant's present offense, or on the defendant's criminal history, or both.[7] Here, Coles has a decade-long history of nine DWI convictions, and his present offense was arguably more serious than the typical DWI. Coles sped through a red light and almost struck a car, then turned wide into the cross-street and almost struck another car. It is true that, fortuitously, Coles did not injure anyone, but this does not mitigate his offense. The offense of DWI does not require proof of injury; thus, if Coles had caused injury, his offense would have been aggravated under AS 12.55.155(c)(1)-assuming that he was not separately prosecuted for assault or homicide.[8]

---

7. See State v. Wortham, 537 P.2d 1117, 1120 (Alaska 1975); Napayonak v. State, 793 P.2d 1059, 1062 (Alaska App.1990).

8. See Woods v. State, 667 P.2d 184, 187–88 (Alaska 1983) (holding that, because the definition of sexual assault does not require proof that the victim suffered injury, the defendant's infliction of injury is an aggravating factor).

**152**

In *Foley v. State*, 9 P.3d 1038 (Alaska App.2000), we upheld a sentencing judge's finding of "worst offender" under similar circumstances: the defendant's current DWI offense involved dangerous driving but no resulting injuries, and the defendant had a history of seven prior DWI convictions over the preceding fourteen years.[9] The sentencing judge concluded, based on the defendant's history of prior convictions and failed rehabilitative efforts, that the defendant's rehabilitation was "just not going to happen", and that isolation was the primary sentencing criterion.[10] We concluded that this record supported the sentencing judge's finding of "worst offender", and accordingly we affirmed the defendant's sentence of 5 years' imprisonment.[11]

Here, based on similar facts and, arguably, a more egregious record of past offenses, Judge Murphy found that Coles's potential for rehabilitation was very low, that Coles could not be deterred by methods short of imprisonment, and that he had to be isolated to protect the public. The record supports these findings. We therefore uphold Judge Murphy's finding that Coles was a worst offender for sentencing purposes.

Based on this "worst offender" finding, Judge Murphy was authorized to sentence Coles to the maximum penalty provided for felony DWI—5 years' imprisonment.[12] Accordingly, we conclude that Coles's 5-year sentence is not clearly mistaken.[13]

The sentencing decision of the superior court is AFFIRMED.

---

9. *Foley,* 9 P.3d at 1039–1040.

10. *Id.* at 1040.

11. *Id.* at 1042.

12. *See Foley,* 9 P.3d at 1041–42.

13. *See McClain v. State,* 519 P.2d 811, 813–14 (Alaska 1974) (holding that an appellate court is to affirm a sentencing decision unless the decision is clearly mistaken).